MANUEL SAAVEDRA SOLER ET AL., Plaintiffs and Appellants, v. CENTRAL COLOSO, INC., Defendant and Appellee.

No. 12269. Decided May 11, 1962.

*Benjamín Ortiz* for appellants. *García Méndez & García Hermida, Sifre & Ruiz Suria* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau and Mr. Justice Dávila.

PER CURIAM.

Central Coloso, Inc. leased some premises to Manuel Saavedra. The term of the contract was for the natural life of the latter. The agreement was made in 1925 but in 1938 Central Coloso considered the contract terminated and deprived Saavedra of the use of the property which was devoted to a bakery and store. In 1956 Saavedra filed a suit against Central Coloso claiming the delivery of the premises as well as damages suffered which he estimated at $800,000.

The trial judge decided that the actions taken had prescribed. The sole question raised in this appeal is to determine whether this judgment is correct.

The action to enforce a contract is a personal one and the term of duration of these actions is for fifteen years after the obligation has become demandable, Civil Code, § 1869, 31 L.P.R.A. § 5299.

It is unnecessary to consider whether the fact that the term of the contract is for the lifetime of one of the contracting parties converts it into a real right, since the case law has established that inscription in the registry is neces-

sary so that the protection which such an inscription gives the lessee may be considered of a real nature. *Becerril et al. v. Post et al.*, 22 P.R.R. 681 (1915); Judgment of April 12, 1927 (174 *Jurisprudencia Civil* 800), and there is no allegation whatsoever to the effect that the present contract was recorded in the registry. Furthermore, there are several opinions as to the nature of the right arising from the lease contract, and learned text writers maintain that it is personal, 1 DE DIEGO, *Derecho Civil Español* 445 (1941); 2 VALVERDE, *Tratado de Derecho Civil Español* 28 (1925); 4 COLIN Y CAPITANT, *Derecho Civil* 314 (1955); 10 PLANIOL-RIPERT, *Derecho Civil Francés* 668 (1940); 2-I ROBERTO DE RUGGIERO, *Instituciones de Derecho Civil* 358; 2-II ENNECERUS, *Tratado de Derecho Civil, Derecho de Obligaciones* 140 (1950); MORENO MOCHOLI, *Sobre Naturaleza Jurídica del Derecho del Arrendatario*, 183 *Revista General de Legislación y Jurisprudencia* 25 (1948), although the final determination as to how that right is considered in this jurisdiction will be left for a more appropriate case.

The claim for damages for breach of contract is an *ex contractu* action which also prescribes after fifteen years. Section 1864 of the Civil Code, 31 L.P.R.A. § 5294; *Camacho v. Catholic Church*, 72 P.R.R. 332 (1951); *Segarra v. Vivaldi*, 55 P.R.R. 153 (1939).

Now, even supposing, as maintained by Saavedra, that a lifetime lease is a contract of continuous compliance or of successive performance and that the lessee has the right to the use of the property at any moment of his life "independently of any provision referring to prescription" the action could not be brought by reason of plaintiff's laches. See: *Labor Rel. Board v. Long Const. Co.*, 73 P.R.R. 242, 248 (1953); *Vidal v. Monagas*, 66 P.R.R. 588, 606 (1946); *F. Rodríguez Hnos. & Co. v. Aboy*, 66 P.R.R. 498, 511 (1946), where we have stated that the defense of laches lies when there is no prescriptive term. The facts which gave rise

to this suit occurred, as alleged, 18 years ago, and it is only after this long period that this action is filed to demand compliance with the contract and claim $800,000 for damages. The action should have been filed much earlier instead of remaining idle during 18 long years and then claim something which could have been claimed from the very moment he was deprived of the use of the property. In the complaint it is not established whether the privation of such use was done by judicial or extrajudicial means. If by the former, plaintiff should have established as defense the existence of the contract which he now alleges, and if it was by the extrajudicial means, his failure to defend himself was one of acquiescence.

The action of the trial judge was correct. The judgment appealed from rendered by the Superior Court, San Juan Part, on May 17, 1957, will be affirmed.